IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CARDONA, | : | Civil No. 3:12-cv-820 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| B.A. BLEDSOE, | : | |
| Respondent | : | |

## MEMORANDUM

I. **Background**

Petitioner, Jose Cardona, an inmate formerly confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that his due process rights were violated in the context of a prison disciplinary hearing where he was found guilty of the prohibited act of Possession of Narcotic Paraphernalia.[1] (Doc. 1). On April 4, 2013, Magistrate Judge Martin C. Carlson

---

[1] The Magistrate Judge aptly summarized the incident as follows:

On March 4, 2011, Correctional Officer Crawford conducted a search of Cardona's cell property due to Cardona being packed for a transfer. (Doc. 10, Incident Report ¶ 11 Attach. C to Ex. 1). When the correctional officer examined Cardona's legal paper work, he discovered two (2) hypodermic needles, concealed in two pockets that had been cut out of the end of a stack of glued papers, a method of concealment which showed both a level of planning and substantial access to Cardona's paperwork. (Id.)

. . .

Upon consideration of all of the evidence, the DHO determined that Cardona committed the prohibited act of Possession of Narcotic Paraphernalia. (Id.) In his decision, the DHO documented the specific evidence he relied upon in reaching his determination, which included the Incident Report, the reporting officer's eyewitness written account,

issued a Report and Recommendation recommending that the Court deny Cardona's habeas petition. (Doc. 14). On May 20, 2013, this Court issued an Order adopting the Report and Recommendation, in part, and denying the habeas petition. (Doc. 16). The Court rejected the Magistrate Judge's recommendation to deny the petition based on Cardona's failure to exhaust the administrative remedies, but nevertheless determined that "some evidence" supported the disciplinary hearing officer's findings and adopted the Report and Recommendation in that respect. (*Id.*).

Presently pending before the Court is Cardona's motion to alter, amend, or reconsider the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 17). For the reasons set forth below, the motion will be denied.

## II. Motion for Reconsideration Standard of Review

Pursuant to Federal Rule of Civil Procedure 59(e), a party may move "to alter or amend a judgment." FED. R. CIV. P. 59(e). A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476

---

photographs, and Cardona's own statements. (*Id.*) The DHO then sanctioned Cardona for the prison rules violation by: (1) disallowing 41 days good conduct time; (2) imposing disciplinary segregation for 60 days; (3) denying 3 years of Visitation Privileges and 3 years of Non-Contact Only Visits, and (4) Loss of 180 days Commissary Privileges. (*Id.*)

(Doc. 14, pp. 2, 4).

2

U.S. 1171 (1986). Typically, "[a] proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

A motion for reconsideration is appropriate in instances where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996), *quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of." *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 (M.D. Pa.), *aff'd*, 31 F.3d 1174 (3d Cir. 1994); *see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"). Moreover, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937,

943 (E.D. Pa. 1995).

## III. <u>Discussion</u>

The Court finds that Cardona has not made out a valid case for reconsidering the Order denying his habeas petition. In the motion for reconsideration, Cardona claims that he did not receive the DHO report until one year after the hearing, and that the report was "tainted and tailored for the sole intention as to defeat [his] habeas petition." (Doc. 18, p. 3). Cardona bases these allegations on the fact that Respondent filed "a fraudulent motion for enlargement of time" which granted the DHO the opportunity to falsify and tailor his report. (*Id.*). Cardona also claims that there was no evidence to support the DHO's findings. (*Id.* at pp. 3-4).

The Court previously addressed Cardona's argument that he did not timely receive the DHO report. In addressing this argument, the Magistrate Judge recommended that the Court deny the petition based on Cardona's failure to properly exhaust his administrative remedies. (Doc. 14, pp. 6-9). However, this Court rejected the Magistrate Judge's analysis regarding failure to exhaust. (Doc. 16, ¶ 2(a)). The Court excused Cardona's failure to exhaust his administrative remedies and found that any attempt to exhaust would have been futile because Cardona did not timely receive the DHO report. (*Id.*).

The Court also previously addressed Cardona's argument that there was insufficient evidence to support any finding of misconduct on his part. The Court concluded that "some

evidence" supported the DHO's findings. (Doc. 16, ¶ 2(b)). As the Magistrate Judge noted, the "some evidence" standard of review "'does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence,' but only entails a determination 'whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" (Doc. 14, p. 19) (citing *Stanko v. Obama*, 434 F. App'x 63, 66 (3d Cir. 2011)). The Court noted that the DHO relied on the eyewitness account of the reporting officer, photographs of two hypodermic needles found in Cardona's personal property on the date of the cell search, and Cardona's testimony that he personally packed his belongings in preparation for his transfer. (Doc. 16, ¶ 2(b)(i)). Based on the determination that "some evidence" supported the DHO's findings, the Court ultimately found that the habeas petition failed on the merits.

In the instant motion, Cardona has not demonstrated a need to reconsider the May 20, 2013 Order. He fails to present any newly found evidence, to advance an intervening change in controlling law, or to establish that a clear error of law or fact exists. Nor does he establish that the Court came to its conclusions by way of some gross misunderstanding of the facts or law of this case. Rather, he simply disagrees with the Court's disposition of this matter. See *Dodge v. Susquehanna University*, 796 F.Supp. 829, 830 (M.D. Pa. 1992) ("[A]ny litigant considering bringing a motion to reconsider based upon [clear error of law] should evaluate whether what may seem to be a clear error of law is in fact simply a point of

disagreement between the Court and the litigant."). Consequently, the motion for reconsideration will be denied.

A separate Order shall issue.

Date: April 24, 2017

Robert D. Mariani
United States District Judge